IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE STOCKTON,

               Plaintiff,

       vs.                                            Case No. 15-1278-JTM

ALLTITE, INC.,

               Defendant.

MEMORANDUM AND ORDER

Plaintiff Joe Stockton alleges that his former employer, Alltite, Inc., failed to pay him overtime wages. Stockton held various exempt, salaried managerial positions at Alltite. However, he alleges his primary duty was selling the company's tools, and he was misclassified as exempt. Stockton's initial Complaint sought damages for nonpayment of wages under the Fair Labor Standards Act (FLSA) and the Kansas Wage Payment Act (KWPA), and a declaratory judgment that, because Alltite violated "the implied promise and obligation that it would pay plaintiff consistent with the applicable law, including the FLSA and the KWPA," the company is precluded from enforcing a noncompetition clause in his employment contract.

Stockton's Amended Complaint changed the FLSA claim to seek damages both for himself and for a class of "Collective Action Plaintiffs," who regularly worked more than 40 hours per week. The Amended Complaint states that this group comprises "several other individuals with similar duties and compensation structures." (Dkt. 8, ¶ 12).

Alltite moved to dismiss the FLSA claim on the grounds that the Amended Complaint was purely conclusory in its allegations, and thus did not meet the standard for pleadings recently set forth by the Supreme Court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8(a)(2) not satisfied by mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Alltite stressed that the Amended Complaint supplied no information as to the proposed class in terms of numbers, locations, job duties, or their status as exempt or non-exempt, or any particular policy which was applied to all employees in the class. (Dkt. 13, at 4). Alltite noted several decisions dismissing similarly conclusory FLSA claims. *See Creech v. Holiday CVS*,  2012 WL 4483384 (M.D. La. Sept. 28, 2012); *St. Croix v. Genetech, Inc.*, 2012 WL 2376668 (M.D. Fla. June 22, 2012); *Pickering v. Lorillard Tobacco Co.*, 2011 WL 111730 (M.D. Ala. Jan. 13, 2011). In addition, Alltite argued that the KWPA claim should be dismissed because that statute expressly excludes FLSA-covered employees. K.S.A. 44-1204.

As to the FLSA, Stockton submitted in response only a brief paragraph stating that the Amended Complaint was indeed specific as Stockton's duties, his pay, and his hours. Otherwise, the plaintiff announced, he "will soon be filing a Motion for

Conditional Certification" of the FLSA claim,  and stressed the "lenient standard for conditional class certification of [such] claims." (Dkt. 14, at 2). With respect to the KWPA claim, Stockton argues that the FLSA effectively makes the obligation to pay overtime part of the employment contract, enforceable under the KWPA. (*Id*.)

Plaintiff duly filed the announced motion to certify, but this pleading supplied little in the way of detail as to the nature of the supposed class, or the alleged policy of the defendant which violated the FLSA. The plaintiff variously identifies the proposed class as "all tool salespersons" who have worked for Alltite in the last three years (Dkt. 23, at 4), and "all employees at Alltite, Inc. who held the position of tool sales who were not paid any overtime."(Dkt. 22, at 1). The certification motion adds little in the way of detail as to the nature of the proposed class, other than adding the allegation that his work was "typical" of the class generally.

The court hereby dismisses the KWPA claim. As noted in the defendant's motion, the Kansas statute explicitly excepts FLSA-covered workers from its protection. This court has previously concluded that the state act does not apply to FLSA-covered employers. *See Larson v. FGX Int'l, Inc.*, 2015 WL 1034334, at *3 (D. Kan. Mar. 10, 2015). Plaintiff's response supplies no reason why *Larson* is not applicable here.

The FLSA permits legal action against any employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."29 U.S.C. § 216(b). In contrast to class actions brought under Fed.R.Civ.Pr. 23(b)(3), an FLSA collective action only includes similarly situated members of the class who opt into the litigation. Whether class members are similarly situated is determined

through a two-step analysis. *See Thiessen v. Gen. Elec. Capital Corp.* 267 F.3d 1095, 1105 (10th Cir. 2001). First, the court "determines whether a collective action should be certified for purposes of sending notice of the action to potential class members." *Brown v. Money Tree Mortg.*, 222 F.R.D. 676, 679 (D. Kan. 2004). This first stage is satisfied if the plaintiff provides "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. (citations and internal quotation omitted). The second stage occurs after discovery has occurred. *Id.* at 1102-03.

The submissions by the parties establish that Alltite is a national corporation, in the business of selling tools and services relating to tools, including the calibration of torque wrenches. These services are sold almost exclusively to businesses who perform mechanical work to the public. Alltite does not market or sell to the public at large, but to businesses.

Accordingly to Stockton, he began working for a company called Mobilecal, Inc. about seven years ago. In 2011, Alltite merged with Mobilecal, and continued to do business under the "Alltite" name.

Stockton contends that he worked continuously for Alltite as a full-time salesman until approximately May 2016. Alltite paid Stockton a base salary plus a commission. He states that his primary duty was selling Alltite's tools and services. He alleges he performed these services almost exclusively by making telephone calls to customers from Alltite's facilities, and seldom made visits to any customer's premises.

Stockton avers that he regularly worked more than 40 hours per week, and that it was not uncommon for him to work between 45 and 50 hours in a week. Alltite did not pay him for overtime. Stockton avers that "[t]his is typical of how other tool salespeople are paid."

In its response to the motion to certify, Alltite contends that Stockton was not employed as a full-time salesman, but held the positions of Sales and Marketing Manager, Calibration Re-Sale and Scheduling Manager, Key Account Calibrations Manager, and Key Account Manager–Calibrations. All of these positions were classified as exempt. According to Alltite, Stockton's tool sales reflected only some 5% of his combined job duties.

Alltite has supplied a number of other facts in opposition to plaintiff's motion to certify. It states that it has not employed any person in the position of "tool sales" during the period of March 2013 to present.

Stockton's job duties are set forth in his various Employment Agreements, and these agreements do not list selling tools as a primary duty. Rather, as a Sales and Marketing Manager, Plaintiff sold and scheduled calibrations, managed the profitability of his territory and managed the employees and technicians in his territory. As a Calibration Re-Sale and Scheduling Manager, he supervised Alltite's Mobile Repair and Calibration Technicians.

Mobile Repair and Calibration Technicians ("Technicians") are classified as nonexempt and are paid overtime for any hours they work in excess of 40 hours in one week.

Stockton was the only individual employed as a Key Account Calibrations Manager in the Wichita office while he worked at Alltite in that position. Alltite employed only two Calibrations Managers nationwide.

Alltite opposes certification on the grounds that the class is not readily identifiable, that there were no actual employees who held the title of "tool sales," and because the proposed class confuses exempt and nonexempt employees.

The court hereby denies the motion to certify because of the ambiguous and conclusory nature of the proposed class, which apparently includes both exempt and non-exempt employees, and sales workers of all types at Alltite, regardless of their location or actual duties. Stockton argues that such a definition is unimportant, stressing that "he is not exempt but that Defendant improperly treated him as exempt." (Dkt. 36, at 3).

Nevertheless, the salient point is that the defendant's treatment of Stockton necessarily will be a different policy from that which was applied to hourly employees. Other courts have recognized that employees who are non-exempt and employees who are exempt are not similarly situated for purposes of FLSA class certification. *See Kinnett v. State of Kan.*, 1991 WL 241832, at *1 (D. Kan. Oct. 30, 1991); *Romero v. H.B. Auto. Grp., Inc.*, 2012 WL 1514810, at *12 (S.D.N.Y. May 1, 2012) ("Where a collective action contains a mix of employees, some of whom are classified exempt from the FLSA's requirements, and some of whom are classified as non-exempt, there is no factual nexus between the collective action members' situations, and conditional certification is not appropriate."). An FLSA claim by an exempt employee is "distinct from that of the non-exempt

employee." *Romero*, 2012 WL 1514810 at *12 (citing *Diaz v. Electronics Boutique of Am., Inc.*, No. 04–CV–0840E, 2005 WL 2654270, at *3–4 (W.D.N.Y. Oct.17, 2005)). *See also Kinnett*, 1991 WL 241832 at *1 (dismissing certain plaintiffs from FLSA action, observing that "the factual basis for the claim between exempt and non-exempt plaintiffs is different"); *Hunter v. Sprint Corp.*, 346 F.Supp.2d 113, 120 (D.D.C. 2004) (noting that "Plaintiffs cannot identify a single case where a court has included in the same class in a collective action both employees classified by an employer as non-exempt and employees classified by the employer as exempt").

The defendant stresses the observation of this court in *Folger v. Medicalodges*, 2014 WL 2885363, at *5 (D. Kan. June 25, 2014) that the mere allegation of classification of workers as exempt is not sufficient without a showing of a common plan treating similarly situated workers alike. Stockton responds by citing another passage from *Folger*:

> In a FLSA exemption case, plaintiffs must show that 'there are other employees ... who are similarly situated with respect to their job requirements and with regard to their pay provisions, on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme. The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions.'

*Id*. at *5 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2nd Cir. 2010)). But this is not helpful to the plaintiff's quest for certification. The plaintiff has done nothing to demonstrate how other tool salespersons are similar to him in their job duties or in their treatment by the defendant. Conclusory and speculative allegations concerning the nature of a class do not meet the standard for certification of a class. *See Pegues v.*

*CareCentrix, Inc.*, No. 12-2484-CM, 2013 WL 1896994, at *3 (D. Kan. May 6, 2013); *Stubbs v. McDonald's*, 227 F.R.D. 661 (D. Kan. 2004). The plaintiff's averment that "other tool salespeople" perform similar work fails to meet this standard.

Stockton also relies on *Underwood v. NMC Mortg. Corp.*, 2009 WL 1322588 (D. Kan. May 11, 2009) for the proposition that FLSA certification requires similarity among members of the class, not exact identity. (Dkt. 36, at 4). But *Underwood* provides little support for certification under the present circumstances. In that case, Judge Melgren noted that while the 32 plaintiffs worked in seven different locations, there was a strong unity in the general nature of the class – "each Plaintiff was employed as a financial specialist, and each performed the same job duties." 2009 WL 1322588, at *3.

The reply stresses that Stockton submitted a *sworn* affidavit. (Dkt. 36, at 4 ("Plaintiff's sworn statements are not mere 'unsupported assertions.' People go to prison everyday based on eyewitness testimony."). Stockton may have submitted a sworn affidavit, but it remains one which is nevertheless conclusory and speculative.

Here, the only allegation advanced in the case is Stockton's generic claim that his experience of making calls from Alltite facilities, rather than visiting customers' premises, are "typical" of an unnamed and unnumbered group of "tool salespeople," as is the fact that he has not received overtime compensation.

Finally, the plaintiff also asserts that the "Defendant itself has admitted that there is at least one other employee who shares the same job title." (*Id.*) This is incorrect. Alltite has not "admitted" there is any other specific employee similarly situated to Stockton for purposes of recovery under the FLSA. Rather, it has simply pointed out

that, as to one of Stockton's managerial positions, there was exactly *one* other person holding that title in the entire United States. There is no evidence at all, by either party, that this single person shares Stockton's claims of misclassification and unpaid overtime.

In sum, notwithstanding the defendant's motion to dismiss and plaintiff's own motion for certification, the plaintiff brings no greater clarity to the nature of his proposed class action. The Amended Complaint in the most conclusory of terms seeks relief on behalf of a class comprising "several other individuals." (Dkt. 8, ¶ 12). The motion to certify adds no substantial allegations which would clarify the nature of the class.

The court denies the motion to certify the prospective class of all tools salespersons employed by Alltite. The court grants the motion to dismiss the KWPA claim in Count 2 of the Amended Complaint. With respect to the FLSA claim raised on behalf of plaintiff himself in Count 1, the court denies the motion to dismiss. Although Stockton supplies little in the way of detail, he does allege specific allegations as to his own job duties (Dkt. 8, ¶¶  5, 8, 10, 15, 17) which, if true, might entitle him to recover overtime compensation.

IT IS ACCORDINGLY ORDERED this 25th day of July, 2016, that the Plaintiff's Motion to Certify (Dkt. 22) is denied; defendant's Motion to Dismiss (Dkt. 13) is granted in part and denied in part as provided herein.

__s/ J. Thomas Marten____
J. Thomas Marten, Judge